IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANGELA BOOKER,

                Plaintiff,

v.                                 CIVIL ACTION NO.  2:14-cv-11523

FAYETTE COUNTY SHERIFF'S DEPARTMENT, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants Fayette County Sheriff's Department's, Deputy J.M. Browning's, and Fayette County Board of Education's Motion to Amend the Scheduling Order and Reconsider their Motion to Dismiss [Docket 17]. For the reasons stated below, the motion is **DENIED**.

**I. Background**

The defendants request reconsideration of their motion to dismiss, which I denied as untimely. According to the Order and Notice [Docket 8], Rule 12(b) motions were due on May 23, 2014. Ten days prior to the expiration of this deadline, I granted the plaintiff leave to file an amended her complaint. (*See* Order [Docket 11]). I did not modify any deadlines in that Order. (*See id.*). On May 27, 2014, the defendants filed a motion to dismiss directed at the Amended Complaint. I denied that motion as untimely because it was filed four days after the deadline established in the Order and Notice. (*See* Order [Docket 16]). The defendants now ask that I reconsider their motion to dismiss, contending that their motion should be considered timely

because it was filed within 14 days of the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(3).

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Notwithstanding that precept, it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *In re: C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 649 (S.D. W. Va. 2013).

Although a "motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion," this district has been "guided by the general principles of Rules 59(e) and 60(b)" in determining whether a Rule 54(b) motion should be granted. *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998) (Haden, J.). The Fourth Circuit has recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Motions to reconsider "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used

sparingly." *Id.* (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (3d ed. 2012)).

### III. Analysis

The defendants' motion does not meet the standard for reconsideration because it does not demonstrate "clear error" or "manifest injustice." Motions made under Rule 12(b) must be filed "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, to determine when the defendants' Rule 12(b) motion was due, the court looks to the deadline for filing responsive pleadings. The plaintiff amended her complaint, so the relevant rule is Rule 15(a)(3), which governs the time for filing responses to amended pleadings:

> *Unless the court orders otherwise*, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(3) (emphasis added). According to the defendants, Rule 15(a)(3) provided 14 days after the posting of the Amended Complaint in which to file their motion to dismiss. But, the court "ordered otherwise." The court required that Rule 12(b) motions be filed by May 23, 2014. After the plaintiff lodged her Amended Complaint on May 13, 2014, the defendants had ten days to file their motion to dismiss and comply with the deadline established in the Order and Notice. The defendants did not request an extension prior to expiration of this deadline. Therefore, the defendants' motion is untimely, and the defendants have failed to show clear error or manifest injustice.

Further, the defendants have not demonstrated good cause to retroactively amend the Order and Notice to make the defendants' motion timely. The defendants simply missed the deadline, and they were not justified in relying on Rule 15(a)(3).

**IV. Conclusion**

For the reasons stated above, Defendants Fayette County Sheriff's Department's, Deputy J.M. Browning's, and Fayette County Board of Education's Motion to Amend the Scheduling Order and Reconsider their Motion to Dismiss [Docket 17] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 18, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE