IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ANGELA BOOKER,

      Plaintiff,

v.                                      **Civil Action No. 2:14-cv-11523**
                                      **Honorable Joseph R. Goodwin**

FAYETTE COUNTY SHERIFF'S DEPARTMENT,
a body politic, GREENBRIER COUNTY SHERIFF'S
DEPARTMENT, a body politic, DEPUTY J.M.
BROWNING, individually and in her capacity as
A Deputy of the Fayette County Sheriff's Department,
CPL. JOHN DOE, individually and in his official capacity
As a Corporal of the Greenbrier County Sheriff's Department,
And the FAYETTE COUNTY BOARD OF EDUCATION, a body politic,

      Defendants.

## DEFENDANT GREENBRIER COUNTY SHERIFF'S DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.  Statement of Facts

On March 2, 2012, Plaintiff Angela Booker attended a high school basketball game between Woodrow Wilson and Greenbrier East at Oak Hill High School in Fayette County, West Virginia. *See Amended Complaint*, ¶ 8. Plaintiff's daughter was a cheerleader for Woodrow Wilson and Plaintiff was seated near her daughter's cheering section. *Id.* at ¶¶ 8 and 9.  Plaintiff saw her daughter engage in a heated discussion with a Greenbrier East student in the stands. Plaintiff and her daughter tried to walk towards each other and at that point "the whole gym erupted." *Id.* at ¶ 11 and *see* relevant portions of Plaintiff's deposition (**Exhibit 1**) at pgs. 29-30, 36, 43.  During this commotion, the basketball game stopped. *Id.* at p. 37.

Plaintiff then went to return to her seat and stopped along the way to talk to another student. *See* Amended Complaint at ¶ 19. After Plaintiff used profanity while talking to the student[1], Deputy "John Doe"[2] of the Greenbrier County Sheriff's Department ("GCSD") allegedly approached Plaintiff and told her that she would need to leave. *Id.* at ¶ 21-23. Deputy Browning from the Fayette County Sheriff's Department then allegedly came over to remove Plaintiff from the stands. *Id.* at ¶ 25. Deputy Browning held onto Plaintiff's left arm to escort Plaintiff down the stands. Deputy Baker then held onto Plaintiff's right arm as they both escorted Plaintiff down the stands. *Id.* As Plaintiff, Deputy Baker, and Deputy Browning were half way through the gym, Deputy Browning and Deputy Baker released Plaintiff to walk on her own. *Id.* at ¶ 32.

Plaintiff alleges that she injured her left shoulder rotator cuff during the incident while the officers were allegedly dragging her down the stands. *Id.* at ¶ 35. However, she freely admitted in her deposition that the physical harm to her left shoulder was "obviously" caused by the Fayette County Deputy and that the Greenbrier County Deputy just held her right arm to support her while exiting the stands. *See* Plaintiff's deposition at pp. 126-127.

Plaintiff alleges the following theories of recovery against GCSD:

**STATE LAW CLAIMS**

- COUNT I- State Constitutional Violations;

- COUNT II- Vicarious Liability;

- COUNT III- Negligent hiring, retention, and/or supervision;

- COUNT IV- Punitive Damages;

---

[1] Plaintiff admits in her Amended Complaint that she asked the student "who was that little bitch that was going to jump my daughter?" *See* Amended Complaint at ¶ 20.
[2] GCSD identified "John Doe" in its initial disclosures as Ronald Bart Baker. Plaintiff never moved to amend her complaint to assert claims against Mr. Baker.

- COUNT V- Battery;

- COUNT VI- Outrage/Intentional Infliction of Emotional Distress

**FEDERAL LAW CLAIMS**

- COUNT I- Excessive force under 42 U.S.C. § 1983

### II. Law and Argument

**A.     Standard of Review**

A Motion for Summary Judgment is to be granted if the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law. *Rule 56, Federal Rules of Civil Procedure*; *Bellomy v. Union Concrete Pipe Co*., 297 F. Supp. 261 (S.D. W. Va. 1969), aff'd 420 F.2d 1382 (4th Cir.), cert. denied 400 U.S. 904, 91 S. Ct. 144, 27 L. Ed. 2d 142 (1970); *Bowen v. Union Concrete Pipe Co*., 299 F. Supp. 1109.

District Courts in West Virginia have applied this standard in granting motions for summary judgment in appropriate cases.  For instance in *Mike Ross, Inc. v. Dante Coal Co.*, 230 F. Supp. 2d 716, 719 (N.D. W. Va. 2002) the District Court succinctly discussed the standard as follows:

> [s]ummary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material questions of fact are limited to those whose outcome is determinative of the substantive legal issue in question. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). An issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The moving party bears the initial burden of identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (quoting

Fed. R. Civ. P. 56(c)). The burden then shifts to the respondent, who may not rest on the pleadings, but must point to specific facts showing that there is a genuine triable issue. *Anderson*, 477 U.S. at 248; *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).

*See also, Interstate Properties, Inc. v. K-Mart Corp*., 88 F. Supp. 2d 609 (S.D. W. Va. 2000) and *Frederick Business Properties Co. v. United States*, 55 F. Supp. 2d 524 (N.D. W. Va. 1999).

Based upon this foregoing standard, defendant's Motion for Summary Judgment should be granted as a matter of law.

### B.     State Law Claims

#### 1.     Plaintiff has failed to plead or establish facts sufficient to support a *prima facie* case of State Constitutional Violations.

The Plaintiff alleges in Count I that "[t]he actions of Defendants in subjecting the Plaintiff to unnecessary and excessive force violated the constitutional rights guaranteed Plaintiff under Article III, Section 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiff under the First, Fourth, and Fourteenth Amendments to the United States Constitution." *See Amended Complaint, ¶ 38.*

While Plaintiff's Amended Complaint clarifies that she is pleading excessive use of force under the Fourth Amendment of the United States Constitution and the state constitutional equivalent under Article III, Section 6, she pled no facts to support any claim under the First or Fourteenth Amendments or their state constitutional equivalent.

The First Amendment, in relevant part, provides that "Congress shall make no law ... abridging the freedom of speech." *U.S. Const. amend.* 1. The Fourteenth Amendment makes this prohibition applicable to the states. *See Fisher v. King*, 232 F.3d 391, 396 (4th Cir. 2000). Not only does the First Amendment protect freedom of speech, it also protects "the right to be

4

free from retaliation by a public official for the exercise of that right." *Suarez Com. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).  To establish a First Amendment § 1983 retaliation claim, a Plaintiff must show that: (1) the plaintiff's right to speak was protected; (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship existed between the plaintiff's speech and the defendant's retaliatory action. *Id*. at 676, 685-86.

In the case at hand, Plaintiff has not specified what speech she claims was protected. Her Amended Complaint is silent on the issue.  She had no First Amendment right to use profanity towards a student at a high school basketball game.  The officers had a legitimate interest in maintaining safety and security at the game.  Plaintiff has simply failed to develop or offer sufficient evidence to create a genuine issue of material fact regarding her claims related to freedom of speech.

Regarding her claim of excessive use of force, Plaintiff freely admitted in her deposition that the Greenbrier County Deputy used no force on her and did not injure her and if she was injured at all, it was by the Fayette County Deputy.  *See* Plaintiff's deposition at pp. 107-108. Thus, in her deposition, Plaintiff gave the following testimony:

> Q:  Do you think the Greenbrier officer did anything to hurt your left shoulder?
>
> A:  No, because he didn't grab my left shoulder.  He grabbed my right arm….
>
> Q:  How would you describe the way he grabbed you?
>
> A:  Well she [Deputy Browning] jerked me down.  And I think he [Deputy Baker] pretty much just took my other arm to kind of help balance me and get me down the bleachers and walk outside.

*Id.*

5

Significantly, to succeed on a claim of excessive force, a plaintiff must demonstrate that the defendant "inflicted unnecessary and wanton pain and suffering" upon the detainee. *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). There is simply no evidence of that with respect to the Greenbrier County Deputy and in fact Plaintiff admits the opposite to be true.

> **2.      Plaintiff's vicarious liability claim fails as a matter of law because pursuant to *W. Va. Code* § 7-14A-4, the GCSD is not vicariously liable for the acts of deputies that occur outside of the presence of the Sheriff.**

Under the Deputy Sheriff's Tort Liability Act (*W.Va. Code* § 7-14A-4):

> [n]o sheriff shall be held jointly or severally liable on his official bond or otherwise for any act or conduct of any deputies subject to the provisions of this article committed on or after such date, ***except in cases where such deputy is acting in the presence of and under the direct, immediate and personal supervision of such sheriff***.

*Id. (*emphasis added).    The Act goes on to provide: ***"nor shall the county commission of a county nor the county itself be held so liable."*** *Id. (emphasis added).*

According to Plaintiff's Responses to Fayette County's First Set of Interrogatories and Requests for Production of Documents, the only law enforcement officers present at the Oak Hill High School gymnasium were Deputy J. M. Browning, Deputy Fitzwater, and Deputy Will of the Fayette County Deputy Sheriff's Department and "John Doe" from the Greenbrier County Sheriff's Department.  *See* relevant portion of plaintiff's discovery responses at **Exhibit 2.**  Plaintiff also admitted in her deposition that she had no reason to believe that the Greenbrier County Sheriff was present at the game and that she believes that "John Doe" was a deputy. Accordingly, the GCSD cannot be held vicariously liable for the conduct of Deputy Baker as a matter of law.

**3.      GCSD is only potentially liable for the "negligent" acts of its employees.**

The Plaintiff alleges that the actions of "John Doe" were "done in bad faith, were done maliciously, and were in violation of clearly established law, or in a negligent, wanton or reckless manner." *Amended Complaint*, ¶ 39. While plaintiff generally alleges "negligent" conduct the only facts she actually assert involve intentional misconduct.

GCSD is only potentially liable for the "negligent" acts of its employees in the course of their employment. *See W.Va. Code* §29-12A-4(c)(2). Accordingly, no recovery can be had in this case for vicarious liability because Plaintiff does not actually assert negligent conduct.

**4.      There are no genuine issues of fact regarding Plaintiff's claim for negligent hiring, retention, and/or supervision.**

Under West Virginia law, test for establishing a claim for negligent hiring, retention, and/or supervision is:

> [w]hen the employee was hired, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring an unfit person?

*State ex rel. West Virginia State Police v. Taylor*, 201 W. Va. 554, 499 S.E. 2d 283 (1997).

Plaintiff undertook absolutely no discovery in this matter and does not have a shred of evidence about the hiring, retention, or supervision of "John Doe." Plaintiff has no evidence one way or the other regarding whether a reasonable background check was performed before he was hired. While the identity of "John Doe" was revealed by GCSD in its Rule 26(a)(1) disclosures in this matter, Plaintiff never even attempted to amend her complaint to assert a proper claim against him. Plaintiff never asked to take his deposition, never asked for a

7

deposition of anyone associated with GCSD, and never sought any documents to support these claims such as a personnel file.

Plaintiff is not permitted to simply rest on allegations in her pleadings.  Rather, she must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations…admissions, interrogatory answers, or other materials."  *See* Rule 56 of the Federal Rules of Civil Procedure. She simply cannot do this because there is no such evidence to cite to.

> **5.**  **Defendants are immune from any claim for punitive damages.**

Plaintiff alleges that she is entitled to an award of punitive damages because the "actions of the Defendants were unnecessary, against protocol, reprehensible, fraudulent, willful and wanton, malicious, and in blatant and intentional disregard of plaintiff's rights." *See Amended Complaint,* ¶ 53. However, under *W.Va. Code* § 29-12A-7, "political subdivisions" are immune from any award of punitive damages.  Thus, that section provides:

> [n]otwithstanding any other provisions of this code or rules of a court to the contrary, in an action against a political subdivision or its employee to recover damages for injury, death, or loss to persons or property caused by an act or omission of such political subdivision or employee:
> (a) In any civil action involving a political subdivision or any of its employees as a party defendant, ***an award of punitive or exemplary damages against such political subdivision is prohibited….***

*Id*.  (emphasis added).

The Supreme Court of Appeals of West Virginia has specifically found that both the Greenbrier County Commission and the Greenbrier County Sheriff's Department qualify as "political subdivisions" within the meaning of the Act. *See Fisk v. Lemons*, 201 W. Va. 362,

364,497 S.E.2d 339, 341 (W. Va. 1997).  Accordingly, Plaintiff simply has no valid claim for punitive damages.

**6.    There are no genuine issues of material fact regarding Plaintiff's claim for battery.**

Under West Virginia law, "[i]n order to be liable for a battery, an actor must act with the intention of causing a harmful or offensive contact with a person." *See* Syl. Pt. 1, *Funeral Services by Gregory, Inc. v. Bluefield Community Hosp*., 186 W. Va. 424, 413 S.E.2d 79 (1991) (overruled on other grounds, *Courtney v. Courtney*, 190 W. Va. 126, 437 S.E.2d 436 (1993)). There is no evidence that Deputy Baker intended to cause harmful or offensive contact to Plaintiff.  In fact, in her deposition, Plaintiff admitted that Deputy Baker simply grabbed her right arm to balance her and she testified that it was Deputy Browning that made the harmful contact.  *See*  Plaintiff's Deposition (**Exhibit 1**)  at pp. 107-108.

**7.    There are no genuine issues of fact regarding Plaintiff's claim for outrage/intentional inflection of emotional distress.**

Under West Virginia law, to prevail on an outrage/intentional infliction of emotional distress claim, a plaintiff must establish the following:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Laboratories, Inc.,* 202 W. Va. 369, 504 S.E.2d 419 (1998).

9

Under West Virginia law, courts have a gatekeeper role for these claims in order to prevent less than outrageous conduct from being the basis for such a claim. The West Virginia Court of Appeals has held that:

> in evaluating a defendant's conduct in an intentional or reckless infliction of emotional distress claim, the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.

Syl. Pt. 4, *Travis v. Alcon Labs., Inc.,* 202 W. Va. 369, 504 S.E.2d 419 (W. Va. 1998).

The plaintiff has failed to develop any facts that tend to show that Deputy Baker's actions meet any of the elements of the tort of outrage. Plaintiff testified that Deputy Baker grasped her right arm to assist Deputy Browning in removing her from the gym, but she admits that he did this just to help balance her and that he did not cause her any physical harm. *See* Plaintiff's deposition (**Exhibit 1**) at 107-108.  As a matter of law, a law enforcement officer taking ahold of a person's arm to help guide them out of a public disturbance is not atrocious, intolerable, nor so extreme and outrageous as to exceed the bounds of decency.

### C.    Federal Law Claims

### 1.  The Greenbrier County Sheriff's Department is not a person under 42 U.S.C. §1983, and thus, it is not a proper party to this claim.

The GCSD is not a "person" under 42 U.S.C. §1983 which provides as follows:

> [E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable. For the purposes of this section, any Act of Congress
> applicable exclusively to the District of Columbia shall be
> considered to be a statute of the District of Columbia.

*Id.*

GCSD is not a proper party defendant to Plaintiff's § 1983 claim as it does not fall under the definition of "person" under the statute. *See Buhro v. Dent*, 2014 U.S. Dist. LEXIS 14877 (N.D. W.Va. 2014) and *Moron v. Welcome*, 2013 U.S. Dist. LEXIS 106516 (N.D. W.Va. 2013) (Clarifying that *Buhro* held that the Berkeley County Sheriff's Department was not a proper defendant under §1983 as it is not a "person" as defined by the statute.).

### 2. Plaintiff admits that John Doe used no force, let alone excessive force against her and thus her § 1983 claim must fail as a matter of law.

Regarding Plaintiff's claim of excessive use of force, Plaintiff freely admitted in her deposition that the Greenbrier County Deputy used no force on her and did not injure her and if she was injured at all, it was by the Fayette County Deputy.  *See* Plaintiff's deposition at pp. 107-108.  Thus, in her deposition, Plaintiff gave the following testimony:

> Q:    Do you think the Greenbrier officer did anything to hurt your
>       left shoulder?
>
> A:    No, because he didn't grab my left shoulder.  He grabbed my
>       right arm….
>
> Q:    How would you describe the way he grabbed you?
>
> A:    Well she [Deputy Browning] jerked me down.  And I think he
>       [Deputy Baker] pretty much just took my other arm to kind of
>       help balance me and get me down the bleachers and walk outside.

*Id.*

Significantly, to succeed on a claim of excessive force, a plaintiff must demonstrate that the defendant "inflicted unnecessary and wanton pain and suffering" upon the detainee. *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). There is simply no evidence of that with respect to the Greenbrier County Deputy and, therefore, the § 1983 claims against GCSD fail as a matter of law.

**WHEREFORE**, the Defendant, Greenbrier County Sheriff's Department, respectfully requests that this Court enter of an Order granting summary judgment or in the alternative, an Order granting partial summary judgment in its favor pursuant to Rule 56 of the *Federal Virginia Rules of Civil Procedure*.

**GREENBRIER COUNTY SHERIFF'S DEPARTMENT,**

**By counsel,**

s/ James C. Stebbins, Esq.
James C. Stebbins, WVSB No. 6674
Brittany Fink, WVSB No. 12537
**LEWIS GLASSER CASEY & ROLLINS, PLLC**
P.O. Box 1746
Charleston, WV  25326
Telephone:     (304) 345-2000
Facsimile:     (304) 343-7999
jstebbins@lgcr.com
bfink@lgcr.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**ANGELA BOOKER,**

     **Plaintiff,**

**v.**                                        **Civil Action No. 2:14-cv-11523**
                                                **Honorable Joseph R. Goodwin**

**FAYETTE COUNTY SHERIFF'S DEPARTMENT,**
**a body politic, GREENBRIER COUNTY SHERIFF'S**
**DEPARTMENT, a body politic, DEPUTY J.M.**
**BROWNING, individually and in her capacity as**
**A Deputy of the Fayette County Sheriff's Department,**
**CPL. JOHN DOE, individually and in his official capacity**
**As a Corporal of the Greenbrier County Sheriff's Department,**
**And the FAYETTE COUNTY BOARD OF EDUCATION, a body politic,**

     **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, counsel of record for Defendant, Greenbrier County Sheriff's Department, does hereby certify on this 2nd day of April, 2015, that a true copy of the foregoing **"DEFENDANT GREENBRIER COUNTY SHERIFF'S DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT"** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Michael T. Clifford, Esq.
Richelle K. Garlow, Esq.
LAW OFFICE OF MICHAEL T. CLIFFORD
723 Kanawha Boulevard, East
Suite 1200, Union Building
Charleston, WV  25301
**Counsel for Plaintiff**

Cy A. Hill, Jr., Esq.
Manion & Gray Co., L.P.A.
Chase Tower
707 Virginia Street E., Suite 260
Charleston, WV  25301
**Counsel for Defendants Fayette County Sheriff's Department and
Deputy J.M. Browning**

Kermit J. Moore, Esq.
Brewster, Morhous, Cameron, Caruth, Moore, Kersey & Stafford, PLLC
P.O. Box 529
Bluefield, WV  24701
**Counsel for Defendant Fayette County Board of Education**

s/ James C. Stebbins, Esq.
James C. Stebbins, Esq., WVSB No. 6674
**LEWIS GLASSER CASEY & ROLLINS, PLLC**
P.O. Box 1746
Charleston, WV  25326
Telephone:     (304) 345-2000
Facsimile:      (304) 343-7999
jstebbins@lgcr.com