# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ANGELA BOOKER,

> Plaintiff,

v.                                                    CIVIL ACTION NO.  2:14-cv-11523

FAYETTE COUNTY SHERIFF'S DEPARTMENT, et al.,

> Defendants.

## MEMORANDUM OPINION & ORDER
### (*Defendant Fayette County Board of Education's Motion for Summary Judgment*)

Pending before the court is Defendant Fayette Board of Education's Motion for Summary Judgment [Docket 49]. The plaintiff did not file a response opposing this motion, and the time to file a response has now passed. Although Federal Rule of Civil Procedure 55 provides default procedures, those procedures do not govern the failure of a party to respond to a motion for summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'judgment as a matter of law.'"). Therefore, despite being unopposed, the court will review the pending motion under its usual summary judgment standard to determine whether the defendant is entitled to judgment as a matter of law. For the reasons discussed below, the defendant's Motion for Summary Judgment [Docket 49] is **GRANTED**.

## I.    Background

This case arises out of a dispute that took place at a high school basketball game on March 2, 2012. The Fayette County Board of Education ("Board") hired Deputy J.M. Browning of the Fayette County Sheriff's Department to provide security at the basketball game. (Def. Board's Mot. for Summ. J. ("Board's Mot.") [Docket 49] ¶ 2). Cpl. John Doe of the Greenbrier County Sheriff's Department was hired for the same reason. At some point during the game, the plaintiff, Angela Booker, her daughter, and her nephew became involved in an altercation, (Am. Compl. [Docket 12] ¶¶ 10-14), which began with students and patrons from rival teams making derogatory comments to each other. (Booker Dep. [Docket 51-2] 24:6-10). As the altercation escalated, the gym "erupted," causing many people to stand up and stopping the game. (*Id.* 36:7, 47:22-48:1). According to the plaintiff, Cpl. Doe grabbed her nephew and told him to leave. (*Id.* ¶ 15).  The plaintiff explained the situation to Cpl. Doe, who advised her to keep her nephew calm, but ultimately permitted him to stay at the game. (*Id.* ¶¶ 16-17). Before heading back to her seat, the plaintiff spoke with one of her daughter's friends and asked: "Who was that little bitch that was going to jump on my daughter?" (*Id.* ¶ 20). Hearing this remark, Cpl. Doe informed the plaintiff that she would have to leave the game and proceeded to grab her by the right arm to escort her out.  (*Id.* ¶ 25). After observing the interaction between the plaintiff and Cpl. Doe, Deputy Browning grabbed the plaintiff's left arm and assisted Cpl. Doe in pulling the plaintiff down the bleachers to remove her from the game. (*Id.*). Both officers released the plaintiff when they reached the floor of the gymnasium. (*Id.* ¶ 32).

On March 3, 2014, the plaintiff filed her Complaint against the Fayette County Sheriff's Department, the Greenbrier County Sheriff's Department, Deputy J.M. Browning, Cpl. John

Doe, and the Board (collectively, "the defendants") advancing numerous claims under the United States Constitution, the West Virginia Constitution, and West Virginia state law "aris[ing] out of the Defendants' unjustified use of force[.]" (Compl. [Docket 1]). In response to the defendants' motions to dismiss, the plaintiff amended her complaint on May 13, 2014. (Am. Compl. [Docket 12]). Subsequently, the defendants filed a Joint Motion to Dismiss [Docket 14], which I denied as untimely. (Order [Docket 16]; *see also* Mem. Op. & Order [Docket 22] (denying the defendants' Motion to Reconsider [Docket 17])). In accordance with the Scheduling Order [Docket 26], the defendants filed separate motions for summary judgment on or before April 2, 2015, including the Board's Motion for Summary Judgment [Docket 49] currently before the court.  As noted above, the plaintiff never responded to these motions.

## II.     Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of

3

proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

## III.    Discussion

The plaintiff alleges that the Board is vicariously liable for the actions of Deputy Browning and personally liable for negligent hiring, retention, and/or supervision. (Am. Compl. [Docket 12]). First, the Board contends that it is not vicariously liable for the actions of Deputy Browning because she was an independent contractor. Generally, employers are held vicariously liable for the tortious acts of their employees committed within the scope of employment. *Dunn v. Rockwell*, 689 S.E.2d 255, 274 (W. Va. 2009) (describing the doctrine of *respondeat superior*). However, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servant." *Peneschi v. Nat'l Steel Corp.*, 295 S.E.2d 1, 11 (W. Va. 1982) (quoting Restatement (Second) of Torts § 409 (1976)). In *Paxton v. Crabtree*, the West Virginia Supreme Court of Appeals set forth four factors for courts to consider when deciding whether a master-servant relationship exists for purposes of respondeat superior:

> (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control. The first three factors are not

4

essential to the existence of the relationship; the fourth, the power of control, is determinative.

Syl. pt. 5, 400 S.E.2d 245 (W. Va. 1990). Further, if the defendant employer establishes that it had no right to control a contractor's work, then the contractor is independent. *France v. S. Equip. Co.*, 689 S.E.2d 1, 8 (W. Va. 2010) (citing *Sanders v. Georgia-Pacific Corp.*, 225 S.E.2d 218 (W. Va. 1976)).

In her Amended Complaint, the plaintiff alleges that Deputy Browning "was on special assignment in the employ of the Fayette County [B]oard of Education." (Am. Compl. [Docket 12] ¶ 5). The plaintiff provides no other evidence with regard to Deputy Browning's role as the Board's employee. The Board, however, in support of its motion, has provided an affidavit from Deputy Browning further explaining the employment relationship. (*See* Browning Aff. [Docket 49-1]). Deputy Browning attests that the Board "provided no instruction nor did it maintain any oversight or control concerning" her security duties at the basketball game. (*Id.* ¶ 5). Because "the power of control" is determinative here, I **FIND** no genuine issue of material fact as to whether Deputy Browning was an independent contractor. Furthermore, providing security at a high school basketball game clearly does not qualify as "inherently dangerous work" and is thus not an exception to the independent contractor defense here. *See France*, 689 S.E.2d at 11 ("The dangerous work exception to the independent contractor defense is that if the employer of the independent contractor knows the work is hazardous or dangerous, he cannot escape liability.") (citation omitted)). Accordingly, the Board's motion with regard to vicarious liability is **GRANTED**.[1]

---

[1] Because I grant summary judgment in favor of the Board based on the independent contractor defense, I need not address the Board's remaining arguments with regard to immunity and punitive damages.

Although the Board fails to address the plaintiff's allegations of negligent hiring, retention, and/or supervision, its motion appears to seek summary judgment on all claims. (Board's Mot. [Docket 49] (moving "for summary judgment on the claims set forth against it in Plaintiff's Amended Complaint")). In her Amended Complaint, the plaintiff alleges that the Board "failed to exercise reasonable care in the hiring, retention, and/or supervision of its employees," including Deputy Browning. (Am. Compl. [Docket 12] ¶ 50). However, without any evidence from the plaintiff detailing the employment relationship between Deputy Browning and the Board, no reasonable juror could find in favor of the plaintiff on these claims. (*See Mosley v. Wachovia Mortg. Corp.*, No. 5:10-cv-01203, 2012 WL 9099, at *7 (S.D. W. Va. Jan. 11, 2012) ("The Court finds that there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (internal quotation marks and citation omitted)).

## IV.  Conclusion

For the reasons discussed above, I **GRANT** summary judgment in favor of the Board on all claims.   The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 14, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6